## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**

Docket No.    <u>CR12-202(A)-CAS - 4</u>

**Defendant**    <u>NHU MAI NGUYEN</u>

Social Security No.   <u>2</u>   <u>2</u>   <u>6</u>   <u>9</u>

akas:   <u>Nhu Mai Thi Nguyen (True Name); Mai Nguyen</u>

(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|-------|-----|------|
| 02 | 24 | 2020 |

| **COUNSEL** | **Mona Soo Hoo, CJA, Appointed** |
|-------------|----------------------------------|

(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: Conspiracy in violation of 18 U.S.C. § 371, as charged in Count 1 of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed on Count One of the First Superseding Indictment to Probation for a term of: **THREE (3) YEARS.**

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, which is due immediately.

It is ordered that the defendant shall pay to the United States a total fine of $2,000.00, which shall bear interest as provided by law. Fine shall be payable in monthly installments of $83.00 per month, commencing on the date after the defendant completes her twelve (12) month home detention period, and ending with the completion of probation. Monthly installments agreed upon by the parties.

Pursuant to 18 U.S.C § 982, defendant shall forfeit to the United States agreed the U.S. currency and one hundred gold ingots referred to in her plea agreement, as ordered in the Preliminary Order of Forfeiture entered on February 24, 2020 (see order dated February 24, 2020).

The defendant shall comply with the provisions of General Order 18-10.

Defendant's three (3) year probation shall be under the following terms and conditions:

1. The defendant shall participate for a period of twelve (12) months in a home detention program and shall observe all rules of such program, as directed by the Probation Officer. Defendant shall be allowed to leave the home for religious services, local medical appointments, employment and any other leave approved by the Probation Officer. Further, the Court hereby approves defendant's request to allow her to travel from Wyoming, by car and/or air, to attend her son's graduation and any medical treatments in Southern California and defendant shall notify and provide the necessary information to the Probation Officer before departure;

2. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 18-10;

3. During the period of community supervision, the defendant shall pay the special assessment and the fine in accordance with this judgment's orders pertaining to such payment;

4.  The defendant shall cooperate in the collection of a DNA sample from the defendant;

5.  The defendant shall not participate in any form of gambling activity or enter any establishment where gambling is a primary source of revenue or where gambling is the primary business;

6.  The defendant shall participate in a program for gambling addiction as directed by the Probation Officer, until discharged from the program by the service provider with the approval of the Probation Officer;

7.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required; and

8.  The defendant shall apply all monies received from income tax refunds to the outstanding Court-ordered financial obligation.  The defendant shall apply all monies received from inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

Defendant is informed of her right to appeal.

Bond is exonerated forthwith.

The Court grants the Government's request to dismiss the remaining counts of the Superseding/Underlying Indictment.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

February 24, 2020                                _Christina A. Snyder_
Date                                             CHRISTINA A. SNYDER, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

February 24, 2020                    By        /S/
Filed Date                                       Catherine Jeang, Deputy Clerk

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

### While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;

2. he defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3. The defendant must report to the probation office as instructed by the court or probation officer;

4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;

15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐    The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

     1. Special assessments under 18 U.S.C. § 3013;
     2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
         Non-federal victims (individual and corporate),
         Providers of compensation to non-federal victims,
         The United States as victim;
     3. Fine;
     4. Community restitution, under 18 U.S.C. § 3663(c); and
     5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____

Date                                         Deputy Marshal


## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____

Filed Date                                   Deputy Clerk


## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
              Defendant                                    Date


_____          _____
U. S. Probation Officer/Designated Witness          Date